AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

YUNIS G. LIRA CACERES )
)
_____ )
*Petitioner* )
v. ) Case No. **25 CV 10780**
) *(Supplied by Clerk of Court)*
CHRISTOPHER SHANAHAN )
Field Office Director - NY )
US Immigration and Customs Enforcement )
_____ )
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

2025 DEC 30  PM 3: 33  RECEIVED SDNY PRO SE OFFICE

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.   (a) Your full name:  YUNIS G. LIRA CACERES

(b) Other names you have used:   NONE

2.   Place of confinement:

(a) Name of institution: _____

(b) Address: _____

(c) Your identification number:   246448740

3.   Are you currently being held on orders by:

☑ Federal authorities   ☐ State authorities   ☐ Other - explain: _____

4.   Are you currently:

☐ A pretrial detainee (waiting for trial on criminal charges)

☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

If you are currently serving a sentence, provide:

(a) Name and location of court that sentenced you: _____

(b) Docket number of criminal case: _____

(c) Date of sentencing: _____

☑ Being held on an immigration charge

☐ Other *(explain)*: _____

_____

_____

Page 2 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☑ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

6.    Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:   U.S. Immigration and Customs Enforcement (ICE), New York Field Office

(b) Docket number, case number, or opinion number:    A# 246-448-740

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: Continued civil immigration detention despite valid Special Immigrant Juvenile findings issued by the Nassau County Family Court and a properly filed, pending Form I-360 SIJS petition.

(d) Date of the decision or action:   12/05/2025

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes            ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

_____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b) If you answered "No," explain why you did not appeal:  _____

Petitioner challenges the legality of his current detention, not a final removal order.

No administrative remedy provides timely or adequate relief for unlawful detention of an SIJS-eligible youth.

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  _____

_____

(2) Date of filing:  _____

(3) Docket number, case number, or opinion number:  _____

(4) Result:  _____

(5) Date of result:  _____

(6) Issues raised:  _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal:  _____

_____

_____

9.   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  _____

_____

(2) Date of filing:  _____

(3) Docket number, case number, or opinion number:  _____

(4) Result:  _____

(5) Date of result:  _____

(6) Issues raised:  _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal:    _____
_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑Yes                    ☐No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☑No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☑No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                    ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**  Unlawful detention without statutory authority _____

_____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts (*Be brief. Do not cite cases or law.*):

Petitioner is a nineteen-year-old youth for whom the Nassau County Family Court issued valid Special Immigrant Juvenile findings, determining that reunification with one or both parents is not viable due to abuse, neglect, or abandonment, and that it is not in his best interest to return to Honduras. Based on those findings, Petitioner has a properly filed and pending Form I-360 SIJS petition. ICE continues to detain Petitioner despite the absence of any legitimate immigration purpose.

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes          ☑ No

GROUND TWO:   Violation of Fifth Amendment Due Process

(a) Supporting facts (*Be brief. Do not cite cases or law.*):

Petitioner's continued civil detention is arbitrary and punitive. He has no criminal history, poses no danger or flight risk, has a court-appointed guardian, and a stable residence. Continued detention serves no legitimate governmental interest and causes ongoing irreparable harm.

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☑ No

GROUND THREE:   Violation of TVPRA and Flores protections for minors

(a) Supporting facts (*Be brief. Do not cite cases or law.*):

Federal law requires release of minors and SIJS-eligible youth to suitable custodians when available. Petitioner has a court-appointed guardian and family placement, yet ICE continues detention in contravention of federal child-protection statutes and settlement agreements.

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☑ No

Page 8 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    Habeas relief is the only mechanism capable of providing immediate judicial review of unlawful immigration detention.

_____

_____

## Request for Relief

15. State exactly what you want the court to do: Petitioner respectfully requests that the court:

1) Grant this Petition for a Writ of Habeas Corpus;

2) Order Petitioner's immediate release from ICE custody;

3) Enjoin Respondent from re-detaining Petitioner absent lawful authority; and

4) Grant such other relief as the Court deems just and proper.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:
N/A (filed by counsel)

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 12/26/25

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No. _____

YUNIS G. LIRA CACERES,

                 Petitioner,

V.

MEMORANDUM OF LAW IN SUPPORT
OF EMERGENCY PETITION FOR WRIT
OF HABEAS CORPUS, ORDER TO
SHOW CAUSE, AND TEMPORARY
RESTRAINING ORDER

CHRISTOPHER SHANAHAN,
Field Office Director,
New York Field Office,
U.S. Immigration and Customs Enforcement,

                 Respondent.

## PRELIMINARY STATEMENT

Petitioner Yunis G. Lira Caceres is a nineteen-year-old youth whom the Nassau County Family Court has determined is eligible for Special Immigrant Juvenile Status ("SIJS"), having found that reunification with one or both parents is not viable due to abuse, neglect, or abandonment and that return to Honduras is not in his best interest. Based on these findings, Petitioner has a properly filed and pending Form I-360 SIJS petition with U.S. Citizenship and Immigration Services.

Despite these protections, ICE continues to detain Petitioner at the Varick Federal Detention Facility. His detention serves no legitimate immigration purpose and violates the Fifth Amendment, the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and the Flores Settlement Agreement. Immediate habeas relief is required.

11

## LEGAL STANDARD

Federal courts have jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention. *Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). Detention must bear a reasonable relation to its purpose; when it does not, it becomes unlawful. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

## ARGUMENT

I. ICE Lacks Statutory Authority to Detain an SIJS-Eligible Youth

Immigration detention is lawful only when it serves a legitimate removal-related purpose. *Zadvydas*, 533 U.S. at 690. Petitioner's valid state-court SIJS findings and pending I-360 petition place him within a humanitarian statutory framework intended to protect abused and abandoned youth while immigration relief is adjudicated.

Continued detention under INA § 236(a) serves no lawful purpose and exceeds ICE's statutory authority. Habeas relief is therefore appropriate. *Hechavarria*, 891 F.3d at 54.

II. Continued Detention Violates the Fifth Amendment

Civil detention may not be punitive or arbitrary. *Demore v. Kim*, 538 U.S. 510, 532 (2003). In the Second Circuit, detention that is unjustified or excessive violates substantive and procedural due process. *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020).

Petitioner has no criminal history, poses no danger or flight risk, has a court-appointed guardian, and a stable residence. Detaining a youth with valid SIJS findings serves no legitimate governmental interest and violates due process. *Lora v. Shanahan*, 804 F.3d 601, 613 (2d Cir. 2015), vacated on other grounds, 138 S. Ct. 1260 (2018).

III. The TVPRA and Flores Require Release to a Suitable Custodian

The TVPRA and Flores Settlement Agreement require that minors be released to suitable custodians whenever possible. *Flores v. Reno*, 507 U.S. 292 (1993). Petitioner has a court-appointed guardian and family placement. ICE's continued detention directly contravenes federal child-protection law.

## CONCLUSION

For the foregoing reasons, the Court should grant the Petition for a Writ of Habeas Corpus, order Petitioner's immediate release, and enjoin ICE from re-detaining him absent lawful authority.

Dated: December 17, 2025                                    Respectfully submitted,

                                                            P.B

                                                            Pallvi Babbar, Esq.
                                                            Attorney for Respondent
                                                            Babbara & Associates P.C
                                                            3601 Hempstead Turnpike Ste 312
                                                            Levittown, NY 11756
                                                            (516)-228-0111

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No. _____

YUNIS G. LIRA CACERES,

Petitioner,

V.

DECLARATION OF ATTORNEY

CHRISTOPHER SHANAHAN,
Field Office Director,
New York Field Office,
U.S. Immigration and Customs Enforcement,

Respondent.

I, **Pallvi Babbar, Esq.,** declare under penalty of perjury as follows:

1. I am an attorney admitted to practice before this Court and counsel for Petitioner **Yunis G. Lira Caceres.**

2. Petitioner is a nineteen-year-old youth for whom the **Nassau County Family Court issued Special Immigrant Juvenile findings,** determining that reunification with one or both parents is not viable due to abuse, neglect, or abandonment and that return to Honduras is not in his best interest.

3. Based on those findings, Petitioner has a **properly filed and pending Form I-360 SIJS petition** with USCIS.

4. Despite these protections, ICE continues to detain Petitioner at the **Varick Federal Detention Facility.** In my professional judgment, ICE lacks lawful authority to continue his detention.

5. Each additional day of detention causes **irreparable harm,** including psychological distress, disruption of family unity with his guardian, and interference with education and stability.

(14)

6. Petitioner has **no criminal history,** has complied with all immigration court appearances, and presents **no risk of danger or flight.**

7. Emergency judicial intervention is necessary to prevent ongoing constitutional violations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 17, 2025

Respectfully submitted,

Pallvi Babbar, Esq.
Attorney for Respondent
Babbara & Associates P.C
3601 Hempstead Turnpike Ste 312
Levittown, NY 11756
(516)-228-0111

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUNIS G. LIRA CACERES,
                              Petitioner,

            V.

CHRISTOPHER SHANAHAN,
 Field Office Director,
 New York Field Office,
 U.S. Immigration and Customs Enforcement,

                              Respondent.

Civil Action No. _____

PROPOSED ORDER

Upon consideration of the Emergency Petition for Writ of Habeas Corpus, the Memorandum of Law, and the Declaration of counsel, and upon a finding that Petitioner **Yunis G. Lira Caceres** has valid Special Immigrant Juvenile findings and a pending Form I-360 petition, it is hereby:

**ORDERED** that the Petition for a Writ of Habeas Corpus is **GRANTED**; and it is further

**ORDERED** that Respondent shall **IMMEDIATELY RELEASE** Petitioner Yunis G. Lira Caceres from ICE custody; and it is further

**ORDERED** that Respondent is **ENJOINED** from re-detaining Petitioner absent a clear showing of lawful authority consistent with this Order; and it is further

**ORDERED** that Respondent shall file written confirmation of compliance within **24 hours**; and it is further

**ORDERED** that the Court retains jurisdiction to enforce this Order.

SO ORDERED.

Dated: _____
New York, New York

_____
United States District Judge
Southern District of New York





**Babbar & Associates P.C.**
Attorneys - at - Law
3601 Hempstead Turnpike, Suite. 312
Levittown, NY 11756
Tel No.: (516) 228-0111
Fax No.: (516) 268-6285

**DETAINED**

## UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### BEFORE THE IMMIGRATION COURT
### VARRICKS, NEW YORK

In the Matter of:                    )
                                     )
LIRA CACERES, YUNIS G.               )
                                     )        A# 246-448-740
                                     )
Respondents                          )        In Removal Proceedings
                                     )

Immigration Judge: Francisco R. Prieto

Masters Hearing: 12/16/2025
Time: 09:30 am

## MOTION FOR BOND REDETERMINATION HEARING REASONABLE BOND

EOIR 1 of 52

Exh. 1 - Adm.

(17)

## TABLE OF CONTENTS

| Tab | Description | Page(s) |
|---|---|---|
| | Motion for Bond Redetermination Hearing | 1-7 |
| A. | Respondent's Honduran Birth Certificate with Certified Translation | 8-11 |
| B. | Nassau County Orders Appointing Guardian | 12-17 |
| C. | Receipt Notice, Form I-360, Self-Petition for Special Immigrant Juvenile | 18 |
| D. | Affidavits | 19-21 |
| E. | Catalina Dilcia Marquez 2024 Taxes | 22-45 |
| F. | Catalina Dilcia Marquez U.S Passport | 46 |
| G. | Bond Request Worksheet | 47-48 |
| H. | Proposed Order | 49 |
| I. | Proof of Service | 50 |

EOIR 2 of 52

Exh. 1 - Adm.

18

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
VARRICKS, NEW YORK

In the Matter of:                    )

                                    )

LIRA CACERES, YUNIS G.         )        A# 246-448-740

                                    )

                Respondent,   )      In Removal Proceedings

                                    )

## <u>MOTION FOR BOND REDETERMINATION HEARING REASONABLE BOND</u>

Respondent Yunis G. Lira Caceres, by and through undersigned counsel, hereby moves this Honorable Court to hold a hearing to determine bond in the present matter and establish *a de minimis* bond amount. In support of this motion, the undersigned states the following:

1. Respondent was born on November 12, 2006. He is a native and citizen of Honduras. *See Exhibit A*. Respondent entered the United States without inspection on or about February 15, 2023, at or near the Roma, Texas/Mexico border. He was 16 years old at time of entry.

2. Respondent was apprehended upon entry and placed in removal proceedings pursuant to service of a Notice to Appear ("NTA"), dated February 16, 2023. The NTA charges Respondents as removable under INA§212(a)(6)(A)(i), for being present in the United States without being admitted or Parole. Respondent was held in Office of Refugee Resettlement(ORR) custody, and thereafter reunited with this brother and his family.

3. Respondent's house address is 108 Argyle Ave, Uniondale, NY 11553. He resides there with his brother. Since his entry into the United States, Respondent has been continuously physically present in the state of New York.

4. Respondent is a minor, resides with his brother and attended Uniondale High School as a student. Respondent has never been arrested for any crimes.

5. Since his arrival, Respondent has only ever lived with his guardian in New York.

EOIR 3 of 52

Exh. 1 - Adm.

(19)

6. Respondent's brother filed a petition for guardianship in the Nassau County Family Court, and Respondent filed a Motion for Special Findings. Both of those motions were granted, (*See Exhibit B*) and Respondent filed a Form I-360, Self-Petition for Special Immigrant Juvenile, with USCIS on July 03, 2025. *See Exhibit C*, Receipt Notice, Form I-360.

7. Respondent's Form I-360, Self-Petition for Special Immigrant Juvenile, is pending approval with USCIS with a priority date of July 3, 2025 Respondent will be eligible to adjust status once his priority date is current and his I-360 Approved.

8. Respondent is currently in the custody of Immigration and Customs Enforcement("ICE") and detained.

9. Given the above-mentioned facts, Respondent respectfully moves the Court to consider his motion for *a de nova Review* of "DHS" custody/bond determination and establish *a de minimus* bond amount.

## ARGUMENT FOR BOND REDETERMINATION
### Effect of the Nov. 26, 2025 Federal Court Decision on Bond Eligibility

10. On November 26, 2025, a United States District Court issued a nationwide injunction blocking the Department of Homeland Security's July 2025 detention policy that had reclassified individuals who entered without inspection as "applicants for admission" subject to mandatory detention under INA § 235(b)(2). The court held that DHS's blanket reclassification was contrary to the Immigration and Nationality Act because it improperly stripped statutory bond protections from noncitizens who were not apprehended at the border and who had long resided in the United States. As a result, the court ordered DHS to treat such individuals as detained under INA § 236(a), thereby restoring their eligibility for individualized bond hearings.

11. This ruling directly undermines the rationale DHS and the BIA relied upon in Matter of Yajure-Hurtado, 28 I&N Dec. ___ (BIA 2025), and related decisions, which had interpreted the

EOIR 4 of 52

Exh. 1 - Adm.

July 2025 policy as rendering certain noncitizens categorically ineligible for a bond determination. The federal court's invalidation of the underlying DHS policy necessarily reinstates the statutory framework of § 236(a) for affected individuals—including Respondent—and confirms that immigration judges retain full authority to conduct individualized custody redeterminations.

12. The district court's order was certified on a nationwide class-wide basis, meaning its protections apply to all similarly situated detainees regardless of the jurisdiction in which their proceedings are pending. EOIR and immigration judges therefore remain bound to apply § 236(a) to individuals covered by the order, unless and until a higher court stays or reverses that ruling. At present, no such stay exists. Respondent is therefore fully eligible for a bond hearing and entitled to the assessment of whether he presents a flight risk or danger to the community under the traditional § 236(a) standards.

13. In light of the federal court's binding nationwide order and the restoration of § 236(a) custody authority, this Court now has full discretion to grant bond in this case. Any prior argument that Respondent is subject to mandatory detention under § 235(b) is no longer valid. The Court should therefore reevaluate custody under the correct legal authority and grant Respondent's release on bond.

Respondent is not, a danger to persons or property, a threat to national security, and a risk of flight

14. In a custody bond redetermination hearing under INA § 236(), 8 C.F.R. 1226(2), the burden is on the alien to establish, to the satisfaction of the Immigration Judges("IJs")  that he does not present a danger to others, is not a threat to national security, and is not a flight risk, to merit release on bond. *See In Re Guerra*, 24 I&N Dec. 37 (BIA 2006).

15. This determination depends on a consideration of a variety of Factors which include but are not limited to: a) if the alien has a fixed address in the United States; b) the alien's length of residence in the U.S. c) the alien's family ties in the U.S, and whether those ties may ultimately entitle Respondent to reside permanently in the United States; d) the alien's employment history. e) the

EOIR 5 of 52

Exh. 1 - Adm.

alien's record of appearance in court; e) the alien's criminal history including the seriousness of offenses and extensiveness of record; f) any attempts on the part of the alien to flee prosecution on otherwise escape from authorities; and g) the alien's manner of entry to the U.S. *See Matter of Saelee, 22 I&N Dec. 1255 (BIA, 2000): Matter of Drysdale, 201&N Deo, 815 (BIA 1994); and Mauer of Andrade, 19 IN Dec. 488 (BEA 1987).*

16. Respondent is not subject to mandatory detention under INA § 236(c), § 236(a) and § 236(c).

17. Respondent is entitled to a bond hearing because he is in INA § 240 removal proceedings and is currently detained by Immigration and Customs Enforcement ("ICE") pursuant to 8 C.F.R. $ 1226(a), the pre-final order statute describing detention of aliens.

18. Respondent's Factors

    a) Fixed address in the United States(US);

        i) Respondent resides at a fixed address in the US in NY at 108 Argyle Ave, Uniondale, NY 11553 with brother, Edin A. Lira Caceres. Respondent also attends school and participates in volunteer activities at the school and is involved in school activities.

    b) Length of residence in the U.S.

        i) As a minor child entering into the US from Honduras in 2023, Respondent has resided in the United States for over three years, a significant amount of time, particularly given the age at which he arrived in the United States,

        ii) Since his arrival in 2023, Respondent has only ever been a resident of New York. Prior to his detention in Varick Federal Detention Centre, Respondent resides with his brother in the New York district area. and attended school at Uniondale High School, and has lived in New York since his arrival in the US.

    c) Family ties in the U.S.

        i) The Respondent's biological parents in Honduras are absent from his care. The Respondent's biological mother abandoned him once he turned 13. Respondent's

EOIR 6 of 52

Exh. 1 – Adm.

father has never been in his life, never cared for him emotionally or financially, or provided any semblance of a parent-child relationship.

    ii)    Respondent has no immediate family ties in Honduras with his closest family member being his brother who lives in New York.

    iii)    Respondent's brother was officially appointed as official guardian by the Nassau Family Court on April 14,2025.

    iv)    His Parents, who are absent from his life, in Honduras have not been established to have strong familial ties to Respondent when compared to his legally established Guardians.

    v)    Respondent has strong family ties to the United States. Respondent's relatives and friends attest that Respondent is a hardworking sweet kid. *See Exhibits D, Affidavits.*

d)    Respondent's record of appearance in court;

    i)    Respondent has always attended all scheduled court hearings, Respondent has also assured undersigned counsel that he will attend in the future courts hearings as well, and comply with all court orders.

    ii)    Respondent's prior SIJ petitions and guardianship petitions demonstrated compliance with courts and attendedence with court hearings.

e)    Respondent's criminal history

    i)    The respondent was a minor child when he was detained by ICE but has no criminal history, no prior immigration violations, or prior offenses.

    ii)    As a young man of good moral character. Respondent has never attempted to escape from authorities.

    iii)    Respondent has complied with the removal process thus far, and poses no threat to national security, border security, or public safety.

Uploaded

iv) Respondent does not have a past criminal record, does not present a danger to others, is not a threat to national security, and is not a flight risk

f) Past attempts to flee prosecution on otherwise escape from authorities

i) Respondents has no past criminal history to consider and has no history of fleeing prosecution.

ii) Respondent's Form I-360, Self-Petition for SIJ requires that Respondent remain physically present in the US in order to adjust his status upon visa availability and I-360 Approval. Respondent is discouraged from leaving the US because doing so would place severe hardship on his ability to adjust his status. .

g) the alien's manner of entry to the U.S.

i) Although Respondent entered the United States Without inspection, he came to the United States fleeing for his life.

ii) As the respondent came to the United States with the intention of seeking asylum, his manner of entry should not be considered against him.

19. The obligors name is Catalina Dilcia Marquez. She express a commitment to paying the bond amount set for Respondent's release. She understands the seriousness of this undertaking and promises to ensure that Respondent attends all future immigration court hearings and complies with any conditions of release imposed by the Court.

20. If the Respondent is granted bond, then he shall live with his brother and his family friend Catalina Dilcia Marquez at 108 Argyle Ave, Uniondale, NY 11553. Respondents shall continue to comply with all conditions and requirements set forth by the immigration courts, including appearing at all scheduled hearings.

21. If Respondent is denied bond, DHS would shoulder the financial burden of housing, feeding and clothing the Respondent throughout the duration of Respondent's case.

22. The Department of Homeland Security would not suffer any prejudice as the result of an establishment of *a de mininis* bond amount in this case.

EOIR 8 of 52

Exh. 1 - Adm.



23. Respondent thanks the Court for any consideration given to the instant Motion.

24. Any notice for hearing or other matters can be served upon the undersigned, as attorney for

Respondent.

THEREFORE, given the above-mentioned facts, Respondent through counsel, respectfully request that this Court hold a bond redetermination hearing at the court's earliest convenience and establish *a de minimis* bond amount in his case.

Respectfully submitted,

Pallvi Babbar, Esq.
Attorney for Respondent
Babbara & Associates P.C
3601 Hempstead Turnpike Ste 312
Levittown, NY 11756
(516)-228-0111

Exh. 1 - Adm.

## REPUBLIC OF HONDURAS
## NATIONAL REGISTER OF PERSONS
## MUNICIPAL CIVIL REGISTRY
## BIRTH CERTIFICATE CERTIFICATION

The undersigned Commissioner President of the National Registry of Persons, based on Legislative Decree No. sixty-two-two thousand four, Article five, paragraph one; Article six, paragraphs one, five, and six; Constitutional Decree No. two hundred-two thousand eighteen, Articles forty-three A and forty-three B, CERTIFIES: that in the electronic birth records contained in the database of this institution, there is a birth certificate number: 0906-2007-00020 located on folio 043 of volume 00043 of the year and that belongs to:

a) **LIRA**
First Last Name

b) **CACERES**
Second Last Name

c) **YUNIS GAERI**
Name

SEXO F __ M x

And whose information is the following:

1) Place, date and order of birth

a) **CENTRAL DISTRICT**
Municipality

b) **FRANCISCO MORAZAN**
Department

c) **HONDURAS**
Country

d) **TWELVE**
Day

e) **NOVEMBER**
Month

f) **2006**
Year

2) ID Number, surnames, name and father's nationality:

a) **LIRA**
First Last Name

b) **CRUZ**
Second Last Name

c) **EDY**
Name

d) **HONDURAN**
Nationality

EOIR 10 of 52
EOIR 10 of 52

Exh. 1 - Adm.
Exh. 1 - Adm.

3) ID Number, surnames, name and mother's nationality:

a) _____CACERES_____   b) _____HERRERA_____
First Last Name            Second Last Name

c) _____LAUARA ISABEL_____   d) _____HONDURAN_____
Name                            Nationality

4) Authorized marginalized notes:

NONE_____

_____

_____

_____

Extended in _____CENTRAL DISTRICT_____   _____FRANCISCO MORAZAN_____
Municipality                                Department

On the: _____TWENTY FOUR_____ days of the month of _____AUGUST_____

Two thousand _____TWENTY TWO_____.

_____SIGNED ( stamp)_____
SIGNATURE AND DIRECTOR'S STAMP

EOIR 11 of 52
EOIR 11 of 52

Exh. 1 - Adm.
Exh. 1 - Adm.

## CERTIFICATE OF TRANSLATION

I, Martha Olarte, being duly sworn, depose and say that I am fluent in both the English and Spanish languages. I swear that I translated the attached document from Spanish to English and hereby certify that it is a true and complete translation to the best of my knowledge, ability, and belief.

Signature of Translator: _____    Date: Nov. 18, 2024.

Subscribed and Sworn to
before me on Nov. 22 _____, 2024

_____
NOTARY PUBLIC

MERLIN BRUNEN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BR6347403
Qualified in Bronx County
Commission Expires May 02, 2026

EOIR 12 of 52
EOIR 12 of 52

Exh. 1 - Adm.
Exh. 1 - Adm.

28



**REPÚBLICA DE HONDURAS**
**REGISTRO NACIONAL DE LAS PERSONAS**
**REGISTRO CIVIL MUNICIPAL**

# CERTIFICACIÓN DE ACTA DE NACIMIENTO

El Infrascrito Comisionado Presidente del Registro Nacional de las Personas, con fundamento en el Decreto Legislativo No. 62-2004, Artículo No. 9, numeral 1; Artículo 6, numeral 1.5 y 6; y Decreto Constitucional No. 200-2018, Artículos 43-A y 43-B: CERTIFICA... que en los archivos electrónicos de nacimientos contenidos en la base de datos de esta Institución se encuentra el acta de nacimiento número: `0906-2007-00020` ubicada en el folio _043_ del tomo _00042_

del Año _2007_ y que pertenece a:

a) **LIRA**  (Primer Apellido)   b) **CACERES** (Segundo Apellido)   SEXO  F [ ]  M [X]

c) **YUNIS GAERI** (Nombre)

y cuya información es la siguiente:

1.) Lugar, fecha y orden de nacimiento

a) **DISTRITO CENTRAL** (Municipio)   b) **FRANCISCO MORAZÁN** (Departamento)   c) **HONDURAS** (País)

d) **DOCE** (Día)   e) **NOVIEMBRE** (Mes)   f) **2006** (Año)

2.) Número de identidad, apellidos, nombre y nacionalidad del padre:   N. Identidad: 0906-1997-01365

a) **LIRA** (Primer Apellido)   b) **CRUZ** (Segundo Apellido)

c) **EDY** (Nombre)   d) **HONDUREÑA** (Nacionalidad)

3.) Número de identidad, apellidos, nombre y nacionalidad de la madre:   N. Identidad: 0901-1996-00156

a) **CACERES** (Primer Apellido)   b) **HERRERA** (Segundo Apellido)

c) **LAURA ISABEL** (Nombre)   d) **HONDUREÑA** (Nacionalidad)

4.) Notas marginales autorizadas:

**NINGUNA**

Extendida en _DISTRITO CENTRAL_ (Municipio)   _FRANCISCO MORAZÁN_ (Departamento)

a los: _VEINTICUATRO_ días del mes de _AGOSTO_

del DOS MIL _VEINTIDOS_

FIRMA Y SELLO DEL COMISIONADO PRESIDENTE

EOIR 13 of 52
EOIR 13 of 52
Exh. 1 - Adm.
Exh. 1 - Adm.

(29)

Filed: 637414 (G-10694-24)        G-6 (8/2010)    Page 1 of 1

F.C.A § 661; S.C.P.A.§ 1707

At a term of the Family Court of the State of New York, held in and for the County of Nassau at Courthouse, 1200 Old Country Rd., Westbury, NY 11590, on April 14, 2025

PRESENT: Hon. Eric P. Milgrim

In the Matter of an Article 6 Guardianship Proceeding

File #:    637414
Docket #:    G-10694-24

Edin A. Lira Caceres (Petitioner)

Edy L. Cruz (Respondent)
Laurara L Caceres Herrera (Respondent)

**ORDER APPOINTING GUARDIAN OF THE PERSON**

Yunis G. Lira Caceres (DOB: 11/12/2006)

A petition was filed on December 12, 2024 applying for the appointment of a guardian of the person of Yunis G. Lira Caceres (D.O.B.: 11/12/2006), a person under the age of 21.

The subject of the petition is 18 years of age or older and consented to the appointment of the guardian.

The Court determined that the best interests of the subject of the petition will be promoted by the appointment of a guardian of the person and that Edin A. Lira Caceres is in all respects competent to act as such guardian and to raise the subject of the proceeding to adulthood.

NOW therefore, it is hereby:

ORDERED that Edin A. Lira Caceres, upon taking the official oath and filing the designation as required by law, is appointed guardian of the person of Yunis G. Lira Caceres, and that Letters of Guardianship shall issue to the Guardian accordingly.

ORDERED that, unless terminated by the Court, the appointment shall last until the subject's 21st birthday, since the subject is over 18 and has consented to the appointment until he/she reaches the age of 21.

Dated: April 14, 2025

Hon. Eric P. Milgrim

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]: _____
☐ Order received in court on [specify date(s) and to whom given]: _____

EOIR 14 of 52
EOIR 14 of 52
Exh. 1 - Adm.

30

File#: 637414 (G-10694-24)    6-6 (12/1987)    Page 1 of 1

# FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF NASSAU

In the Matter of an Article 6 Guardianship Proceeding

Edin A. Lira Caceres (Petitioner)

Edy L. Cruz (Respondent)
Laurara I. Caceres Herrera (Respondent)

Yunis G. Lira Caceres (DOB: 11/12/2006)

File #:    637414
Docket #:    G-10694-24

**LETTERS OF GUARDIANSHIP
OF THE PERSON OF
A MINOR**

TAKE NOTICE that at the County of Nassau on the day of April 14, 2025, before Hon. Eric P. Milgrim, Judge of the Family Court of this County, Nassau,

Edin A. Lira Caceres having duly qualified according to law, is hereby authorized to serve as guardian of the person Yunis G. Lira Caceres and Letters of Guardianship are hereby granted to said Edin A. Lira Caceres.

IN TESTIMONY WHEREOF, we have caused the seal of office of the Family Court of the County of Nassau to be hereunto affixed.

Witness: Hon. Eric P. Milgrim, Judge of the Family Court, County of Nassau, at the Family Court of Nassau, the day of, April 14, 2025.

Dated: April 14, 2025

John Aiken, Chief Clerk

31

8 U.S.C. §1101

GF-42
(Special Immigrant Juvenile Status Order)
12/2015

At a Term of the Family Court of the State of
New York, held   in and for the County of
Nassau at Westbury, New York On 4/14/25

PRESENT:    Hon. Eric P. Milgrim

In the Matter, of

Yunis Gaori Lira Caceres

DOB: 11/12/2006

Docket No. G-10694-24
Family File No. 63744

ORDER-Special Immigrant
Juvenile Status

Motion #1

x

This Court, after examining the motion papers, supporting affidavits, pleadings, and prior proceedings in this matter, and/or hearing testimony, finds, in accordance with 8 U.S.C. §1101(a)(27)(J) and §384-b of the Social Services Law and §141, 661, and 663, 1012(f) of the Family Court Act:

1.   Yunis Gaori Lira Caceres is under 21 years of age.

2.   Yunis Gaori Lira Caceres is unmarried.

3.   Pursuant to Sections 141, 661 and 663 of the New York State Family Court Act, the above-named child is dependent upon the Family Court and the above-named child having been declared subject to the Jurisdiction of the Family Court of the State of New York, County of Nassau. The child has also been committed and placed by this Court under the care and custody of his brother, Edin Agustin Lira Caceres, a person appointed by the Nassau County Family Court to be the guardian of the person of the child.

4.   Reunification with the following parents, Laura Isabel Caceres Herrera and Edy Lira Cruz, is not viable due to abandonment because the parents have not provided emotional support nor financial support for the child. The subject child's parents have neglected and abandoned the subject child. The subject child has never heard from nor spoken to his father since his arrival in the United States. They have failed to provide for any of the child's needs and have fully abdicated all parental responsibilities with regard to the subject child. Matter of Bibianamlet L.-M. iv. Miledy L.N., 71 A.D.3d 402, 897 N.Y.S.2d 39, 2010 NY Slip Op 1683 (2010). In re Amanleen S., 44 Misc. 3d 1201(A) (N.Y. Fam. Ct. 2014).

Exh. 1 - Adm.
Exh. 1 - Adm.

(32)

5.  It is not in the child's best interest to be removed from the United States and returned to Honduras, his country of nationality or country of last habitual residence of the child or of his birth parent or parents, because he has no familial support there. There are more opportunities for the subject child here in the United States and there is no one in Honduras to take care of him if forced to return there. The subject child is in school and has hopes for a bright future as a professional in the United States. It would be in the child's best interest to remain under the care of the petitioner and obtain schooling here in the United States rather than return to Honduras where he would have no means of financial or other support. Domestic Relations Law, § 70; In re White, 118 A.D.2d at 342, 505 N.Y.S.2d at 120; In re Tindy-Ann W., 73 A.D.3d 793, 794, 901 N.Y.S.2d 296, 298 (2d Dep't 2010); Matter of Ebert v Ebert, 38 N.Y.2d 700, 702; Obey v Degling, 37 N.Y.2d 768, 769; Matter of Lincoln v Lincoln, 24 N.Y.2d 270; Bistany v Bistany, 66 AD2d 1026; Sandman v Sandman, 64 AD2d 698, mot for lv to app den 46 N.Y.2d 705; Matter of Saunders v Saunders, 60 AD2d 701; Friederwitzer v Friederwitzer, 55 N.Y.2d 89, 93-95.

Dated: 4/14/25

ENTER

Hon. Eric R. Milgrim

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
9 Order mailed on [specify date(s) and to whom mailed]: _____
9 Order received in court on [specify date(s) and to whom given]: _____

EOIR 17 of 52
EOIR 17 of 52

Exh. 1 - Adm.
Exh. 1 - Adm.

33

Filed: 637414 (G-10694-24)



GF-15 (8/2010)   Page 1 of 1

At a term of the Family Court of the State of New York, held in and for the County of Nassau at Courthouse, 1200 Old Country Rd., Westbury, NY 11590, on April 14, 2025

PRESENT: Hon. Eric P. Milgrim

In the Matter of an Article 6 Guardianship Proceeding

Edin A. Lira Caceres (Petitioner)

Edy L. Cruz (Respondent)
Laurara I. Caceres Herrera (Respondent)

Yunis G. Lira Caceres (DOB: 11/12/2006)

File #:        637414
Docket #:      G-10694-24 (Motion 2)

ORDER ON MOTION

A motion was filed with this Court by Pallvi Babbar on February 5, 2025, requesting an order on a(n) motion to waive fingerprints.

Laurara I. Caceres Herrera did not appear.

Edin A. Lira Caceres appeared with counsel.

Edy L. Cruz did not appear.

After examining the motion papers and supporting affidavit(s),

NOW, therefore, it is hereby:

        ORDERED that the motion of Pallvi Babbar is denied as moot.

Dated: April 14, 2025

                                            Hon. Eric P. Milgrim

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]: _____
☐ Order received in court on [specify date(s) and to whom given]: _____

EOIR 18 of 52

Exh. 1 - Adm.

(34)



File #: 637414 (G-10694-24)

GF-13 (8/2010)                     Page 1 of 1

At a term of the Family Court of the State of New York, held in and for the County of Nassau at Courthouse, 1200 Old Country Rd., Westbury, NY 11590, on April 14, 2025

PRESENT: Hon. Eric P. Milgrim

In the Matter of an Article 6 Guardianship Proceeding

File #:        637414
Docket #:      G-10694-24 (Motion 3)

Edin A. Lira Caceres (Petitioner)

Edy L. Cruz (Respondent)
Laurara I. Caceres Herrera (Respondent)

ORDER ON MOTION

Yunis G. Lira Caceres (DOB: 11/12/2006)

A motion was filed with this Court by Edin A. Lira Caceres on April 4, 2025, requesting an order on a(n) Motion to Dispense with Service.

Laurara I. Caceres Herrera did not appear.

Edin A. Lira Caceres appeared with counsel.

Edy L. Cruz did not appear.

After examining the motion papers and supporting affidavit(s),

NOW, therefore, it is hereby:

ORDERED that the motion of Edin A. Lira Caceres is granted.

Dated: April 14, 2025

Hon. Eric P. Milgrim

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
□ Order mailed on [specify date(s) and to whom mailed]: _____
□ Order received in court on [specify date(s) and to whom given]: _____

EOIR 19 of 52
EOIR 19 of 52
Exh. 1 - Adm.
Exh. 1 - Adm.

35